**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SARAH NICHOLE RAMIREZ, | Case No.: 1:19-cv-01127-LJO-BAM |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS REGARDING MOTION FOR ATTORNEYS' FEES PURSUANT TO 42 U.S.C. § 406(b) |
| v. | |
| ANDREW M. SAUL,[1] Commissioner of Social Security, | (Doc. No. 14) |
| Defendant. | **FOURTEEN (14) DAY DEADLINE** |

Pending before the Court is a motion for attorneys' fees pursuant to 42 U.S.C. § 406(b) filed by David F. Chermol, Esq., counsel for Plaintiff Sarah Nichole Ramirez ("Plaintiff"). (Doc. No. 14.) The Commissioner of Social Security (the "Commissioner") has filed a response to the motion analyzing the fee request but taking no position as to its reasonableness. (Doc. No. 16.) Counsel for Plaintiff has filed a reply in support of the motion. (Doc. No. 17.)

The matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c)(15). Having reviewed the motion and its supporting documentation, as well as the case file, the Court will recommend that the motion be granted.

**I.    Relevant Background**

Chermol & Fishman, LLC entered into a written contingent fee agreement with Plaintiff dated October 12, 2018. (Doc. No. 14-2.) The fee agreement provided, in relevant part, that "[i]f my claim(s) is favorably decided after an appeal to the Appeals Council, I will pay the firm/my representative a fee equal to twenty five percent (25%) of all past due benefits which are awarded on my account[.]" (*Id.*)

On August 15, 2019, Plaintiff filed this action seeking judicial review of the Commissioner's

---

[1] Andrew M. Saul is now the Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Andrew M. Saul is substituted for Acting Commissioner Nancy A. Berryhill as the defendant in this suit.

1

denial of benefits. (Doc. No. 1.) On December 2, 2019, the Court issued an order reversing the Commissioner's denial of benefits and ordering remand pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. No. 10.) On January 8, 2020, the Court approved the parties' stipulation to award Plaintiff $1,224.00 in attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Doc. No. 13.) On remand, the Commissioner granted Plaintiff's application for benefits and issued a notice indicating that Plaintiff was entitled to receive $25,560.59 in retroactive benefits. (Doc. No. 14-1.)

In the present Motion, Plaintiff's counsel asks the Court to award attorneys' fees in the amount of $6,390.15. (Doc. No. 14.) Plaintiff's counsel contends this fee is appropriate in light of the services rendered and results achieved, as counsel was instrumental in obtaining a favorable result. (Doc. No. 14 at 3.) The Commissioner filed a statement in response to the Motion providing an analysis of the fee request but taking no position regarding its reasonableness. (Doc. No. 16.)

## II. Legal Standard

An attorney may seek an award of fees for representation of a Social Security claimant who is awarded benefits:

> Whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment. . ..

42 U.S.C. § 406(b)(1)(A); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002) (Section 406(b) controls fees awarded for representation of Social Security claimants). A contingency fee agreement is unenforceable if it provides for fees exceeding twenty-five percent of past-due benefits. *Gisbrecht*, *supra,* 535 U.S. at 807.

## III. Discussion and Analysis

District courts "have been deferential to the terms of contingency fee contracts § 406(b) cases." *Hern v. Barnhart*, 262 F.Supp.2d 1033, 1037 (N.D. Cal. 2003). However, the Court must review contingent-fee arrangements "as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. In doing so, the Court should consider "the character of the representation and the results the representative achieved." *Id.* at 808. In addition, the Court should

2

consider whether the attorney performed in a substandard manner or engaged in dilatory conduct or excessive delays, and whether the fees are "excessively large in relation to the benefits received." *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009) (en banc).

In this case, after carefully considering the fee agreement and the applicable law, the Court finds Plaintiff's counsel's requested fees to be reasonable. In support of the motion, Plaintiff's counsel attached a written fee agreement which provided for a contingent fee of twenty-five percent of any awarded retroactive benefits. (Doc. No. 14-2.) Plaintiff's counsel accordingly accepted the risk of loss in the representation. Plaintiff's counsel additionally expended a total of six hours of attorney time while representing Plaintiff before the District Court. (Doc. No. 14-3.) The requested fee amount represents approximately twenty-five percent of past-due benefits and is within the applicable maximum. As a result of counsel's work, the matter was remanded for further proceedings before an Administrative Law Judge, who issued a fully favorable decision and awarded Plaintiff benefits.

Plaintiff's counsel provided a copy of the motion for attorneys' fees to Plaintiff. (Doc. No. 14 at 4.) Although served with the motion, Plaintiff did not challenge the requested fees which attests to their reasonableness. Likewise, the Commissioner, in its advisory capacity, also declined to dispute the propriety of the amount of the fees requested by Plaintiff's counsel. (Doc. No. 16.)

Additionally, there is no indication counsel performed in a substandard manner or engaged in severe dilatory conduct to the extent that a reduction in fees is warranted. To the contrary, Plaintiff was able to secure a fully favorable decision and remand for further proceedings, including an award of past-due benefits. Accordingly, the Court finds the fees sought by counsel are reasonable in light the results achieved in this action, and the amount does not exceed twenty-five percent maximum permitted under 42 U.S.C. § 406(b).

**IV.  Conclusion and Recommendations**

Based upon the foregoing, it is HEREBY RECOMMENDED that:

1. Counsel for Plaintiff's motion for attorneys' fees under 42 U.S.C. § 406(b) (Doc. No. 14) be GRANTED;

2. David F. Chermol, Esq., counsel for Plaintiff, be awarded $6,390.15 in attorneys' fees pursuant to 42 U.S.C. § 406(b); and

3. Counsel for Plaintiff be directed to compensate Plaintiff in the amount of $1,224.00 for fees previously awarded pursuant to the EAJA.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 11, 2020**            /s/ *Barbara A. McAuliffe*
                                          UNITED STATES MAGISTRATE JUDGE